### HENNESSY v. CORNEILLE.

(Supreme Court, Appellate Division, Second Department. May 1, 1901.)

DEEDS—CANCELLATION.

    A deed executed to discharge the grantor's obligation to the grantee for care and support furnished will not be set aside merely because the consideration is not equal to the value of the property transferred.

Appeal from special term, Kings county.

Action by David Hennessy against Lydia A. Corneille. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Ira Leo Bamberger (Benjamin N. Cardozo and Fernando Solinger, on the brief), for appellant.

Alden S. Crane, for respondent.

SEWELL, J. The plaintiff asks the intervention of a court of equity to procure the cancellation of two deeds by which he had conveyed to the defendant two certain pieces of real estate in the borough of Brooklyn, which are described in the complaint. Upon the trial of the action the learned court at special term found the facts in favor of the defendant, and dismissed the complaint upon the merits. On this appeal we are asked to reverse the judgment upon the facts, as well as to overrule the opinion of the special term that the alleged parol agreement on the part of the defendant was void under the statute of frauds. We do not consider it necessary, after a careful reading of the evidence, aided by the suggestions of counsel's brief, to enter upon a discussion of the powers of this court to interfere to prevent the working of injustice under the provisions of the statute of frauds, because we are convinced that the facts as found by the learned court are supported by the evidence, and that, with the facts existing, the conclusion of law, resulting in the dismissal of the complaint upon the merits, was inevitable. The plaintiff was a man 58 years of age. For a period of more than 20 years he had been an inmate of the defendant's family, paying board when he had employment, and neglecting to do so when he was without work. He was on intimate terms with the family, and for a period of five years had been a partner of the defendant's son in the real-estate business, and no account appears to have been kept between the defendant and the plaintiff, a community of interests evidently making any such formalities unnecessary. Plaintiff's father died some years ago, leaving to him the legal title to the premises in dispute, subject to a life use on the part of his widow, the stepmother of plaintiff. In 1895 the stepmother died, and the plaintiff, who appears to have been much given to the use of intoxicants, came into the possession of his inheritance. He first made a will, witnessed by a single person, in which he gave this property to the defendant. Subsequently he secured the services of a lawyer, and made and published a will in due form of law, in which the defendant was the sole beneficiary. Later he procured two deeds to be drawn, and these he executed and delivered, giving his property to

the defendant. His claim is that the deeds were delivered subject to an oral promise on the part of the defendant to maintain him during his natural lifetime, and that she held the property merely as a trustee, agreeing to retransfer it upon demand. The evidence fails to establish this agreement. It appears, as found by the learned court, that "the conveyance so made was made freely and voluntarily, and for a valuable consideration, and was not induced or procured by any promise, threat, or undue influence of defendant." There appears to have been an understanding between the parties—though whether this was before or after the transfer is not clearly disclosed—that the plaintiff was to continue to receive the rents from one of the properties during his lifetime; and it was in evidence that the plaintiff had continued to receive such rentals up to the time of the trial, but this has no bearing upon the question at issue between them. It also appears from the evidence that the plaintiff continued to reside in the family of the defendant up to the 28th day of November, 1899, just as he had done for years previous thereto; but, as it involved no change in the affairs of the household, it affords no evidence of the agreement alleged, though it may be said to afford some evidence of the defendant's equities, which appear to be quite as important as those of the heirs at law of the plaintiff. The inference which may be fairly drawn from the evidence is that the plaintiff was taken into the household of the defendant at a time when he was in need of friends; that he has been taken care of, paying board at times, and at other times living without contributing to the support of the family, and that he believed himself to be indebted; that on coming into possession of his property he undertook to discharge this obligation, intending to continue to live with the family as he had done previously; and that there was no agreement, such as is alleged in the complaint, either that the defendant would continue to take care of him, or that she would transfer the property on his demand. This being the case, there is no ground for the intervention of a court of equity, and the judgment appealed from ought not to be disturbed. The evidence of the plaintiff is disputed at almost every important point, not alone by that of the defendant and her witnesses, but by the written declarations of the plaintiff, which concededly bear his signature. It is impossible to read the evidence without concluding that the plaintiff owed the defendant not only money, but a debt of gratitude; and, while the consideration might not have been equal to the value of the property transferred, it would be most inequitable to decree that the deeds should be canceled and that the honorable disposition of the plaintiff to discharge his obligations should be wholly defeated.

The judgment appealed from should be affirmed, with costs. All concur.